Coulibaly v. Lynch

BIA
Hom, IJ
A200 738 709

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

LASSINA COULIBALY, AKA LASSINE TOURE,
> *Petitioner,*

v.                                          15-1024
                                            NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

---

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lassina Coulibaly, a native and citizen of the Ivory Coast, seeks review of a March 10, 2015, decision of the BIA, affirming an August 15, 2013, decision of an Immigration Judge ("IJ") denying Coulibaly's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lassina Coulibaly,* No. A200 738 709 (B.I.A. Mar. 10, 2015), *aff'g* No. A200 738 709 (Immig. Ct. N.Y. City Aug. 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the

2

circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Coulibaly was not credible as to his claim that he and his family had been tortured in the Ivory Coast on account of their ethnicity and political opinion.

The agency reasonably relied on several record inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 164-67. Coulibaly's testimony that he had personally applied for and obtained his Ivory Coast identification card prior to his departure from that country in March 2009 was inconsistent with the card, which was issued in August 2009, five months after his departure. When confronted with this inconsistency, Coulibaly was unresponsive before ultimately admitting that he had not been truthful in his earlier testimony and that he had not received the card until after his arrival in the United States. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (providing that an asylum

3

applicant's presentation of "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence . . . [and] may also influence the IJ's assessment of . . . the credibility of the petitioner.").

In addition, Coulibaly's testimony and the birth certificate he submitted were inconsistent as to when he was born and whether he obtained the certificate after his departure from the Ivory Coast. And Coulibaly's sister attested in her affidavit that she saw her father's "lifeless" body lying on the ground where he had been shot, but she testified inconsistently that she had not seen his body. When confronted with their inconsistent statements, Coulibaly and his sister did not provide compelling explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Coulibaly's credibility, the IJ reasonably relied further on his failure to provide certain corroborating evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

4

Furthermore, there is no merit to Coulibaly's argument that his country conditions evidence independently established a pattern or practice of persecution against ethnic Dioula in the Ivory Coast such that he has a well-founded fear of persecution because, even if credible as to his ethnicity, he was not credible as to his assertion that he is Ivorian. *See* 8 C.F.R. § 1208.13(b)(2)(iii) (requiring applicant to demonstrate that he is similarly situated to the group against whom there is a pattern or practice of persecution).

Given the inconsistencies and lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-68. That finding is dispositive of Coulibaly's claims for asylum and withholding of removal because those claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Coulibaly does not challenge the BIA's determination that he abandoned his CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk